UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN LEONARD GUARDINO, JR.,

    Plaintiff,

v.                                     Case No:    6:18-cv-2102-Orl-40TBS

CITY OF DELAND POLICE
DEPARTMENT,

    Defendant.
_____

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which I have construed as a motion to proceed *in forma pauperis* (Doc. 2). Upon due consideration, I **respectfully recommend** that the district judge **deny** the motion and **dismiss** Plaintiff's complaint without leave to amend.

### Background

Plaintiff Stephen Leonard Guardino, Jr. filed this *pro se* lawsuit to recover $100,000,000 from Defendant the City of Deland Police Department based upon its alleged commission of various civil rights violations. According to public records, Plaintiff was arrested and booked on March 3, 2016 for the misdemeanor crime of resisting an officer without violence[1] after he was trespassed from a library (Doc. 1 at 4). The arrest record shows that Plaintiff was booked into the Volusia County Jail and then released the next day for time served.[2] The case is closed.[3] Construing Plaintiff's complaint in the light most favorable to him, he alleges that he was falsely arrested and that Defendant

---

[1] https://app02.clerk.org/ccms/caseCR_detail.aspx?d=323a3635303133&t=MM
[2] Id.
[3] Id.

violated 42 U.S.C § 1983, and the 1st, 4th, and 8th Amendments of the United States Constitution (Id. at 3). Incoherent references to numerology and the occult predominate in Plaintiff's complaint. For example, he alleges that the library building, when viewed on Google Earth, has some strange occult numerological significance (Id.).

Along with his complaint, Plaintiff filed a motion asking the Court to permit him to proceed without the prepayment of fees or costs because he is indigent (Doc. 2). On December 14, 2018, I entered an Order carrying the motion and allowing Plaintiff until January 4, 2019 to correct the following defects in his complaint:

> Plaintiff bases this action on the civil rights provisions in 42 U.S.C. § 1983 (Doc. 3 at 3). Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction. 42 U.S.C. § 1983. The purpose of § 1983 "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). Section 1983 is a vehicle for vindicating federal rights elsewhere conferred; it does not create new substantive rights. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The Court must therefore consider the specific federal rights Plaintiff claims he was deprived of by Defendants. In other words, the viability of Plaintiff's § 1983 claim hinges on the sufficiency of his constitutional claim. Plaintiff's constitutional claim lacks the specificity required at this stage in the litigation.
>
> Plaintiff generally alleges that his claims are based on the 1st, 4th, and 8th Amendments, but he failed to ground his claim in any specific portion of each amendment or allege any legal or factual basis for recovery. Thus, his complaint is deficient and is due to be dismissed for its failure to state any claim upon which the Court can grant relief.
>
> Also, Plaintiff has failed to allege that jurisdiction in this Court is proper. Volusia County is within the purview of the Orlando Division, but Plaintiff is a resident of Flagler County (Doc. 1 at 1), which is under the jurisdiction of the Jacksonville

> Division of this federal Court. See Local Rule 1.02(b)(1)-(3).
> Plaintiff must establish that jurisdiction in this Court is proper.

(Doc. 4 at 3-4). Plaintiff has failed to amend his complaint by the January 4, 2019 deadline.

## Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review the complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

Plaintiff has failed to amend his complaint by the deadline despite being advised that in the event of such failure, I would "recommend that this case be dismissed without further leave to amend." (Doc. 4 at 4).

### Recommendation

Based upon the foregoing I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY** Plaintiffs' motion to proceed *in forma pauperis* (Doc. 2);
2. **DISMISS** this case without prejudice; and
3. **DIRECT** the Clerk of Court to close the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**SUBMITTED** in Orlando, Florida on January 8, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
*Pro se* Plaintiff